NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA., | : |
| Plaintiff, | : |
| | : Crim No. 13-00429 (RBK) |
| v. | : |
| | : **OPINION** |
| KAHIL MIMS., | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion for Reduction of Sentence under the First Step Act (Doc. No. 335). For the reasons set forth below, Defendant's Motion is **DENIED**.

**I.   BACKGROUND**

   **A.  Factual Background**

Defendant Kahil Mims is an inmate at Federal Medical Center Rochester. (Doc. No. 338). From February to April of 2013, Defendant and seven other individuals operated drug sets at Eight and Tulip Streets and the Crestbury Apartments in Camden. (*Id.*). On April 8, 2013, Defendant was charged with conspiracy to distribute and with possession with intent to distribute heroin, cocaine, and cocaine base. (*Id.*). On December 10, 2015, Defendant appeared before the Court and entered a plea of guilty to a two-count Superseding Information: under Count I, Mims pled guilty to conspiracy to distribute and to possess within intent to distribute 100 grams or more of heroin, 28 grams or more of cocaine base, and 500 grams or more of cocaine; under

1

Count II, Mims pled guilty to felon in possession of a firearm. (*Id.*). On June 30, 2016, Mims was sentenced to 121 months imprisonment for Count I, and 120 months imprisonment for Count II, both sentences were to be served concurrently. (*Id.*). He was also required to serve a term of 5 years of supervised release for Count I and 3 years of supervised release for Count II, both of which were to be served concurrently as well. (*Id.*).

Nearly four years later, on April 15, 2020, Defendant made a formal request for compassionate release to the Bureau of Prisons. (Doc. No. 338-1). In his request, Defendant stated, "I don't have no medical problems." (*Id.*). The Warden denied Defendant's request for compassionate release on June 18, 2020, finding his "concern about being potentially exposed to, or possibly contracting, COVID-19 [did] not . . . warrant an early release" from his sentence. (Doc. No. 338-2). On October 7, 2020, Defendant filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) in this Court. (Doc. No. 335). The United States opposes his motion. (Doc. No. 338).

## II.   LEGAL STANDARD

### A.  Motion for Reduction of Sentence Under the First Step Act

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The changes implemented by the First Step Act's amendment allow prisoners to directly petition the court, as opposed to the Bureau of Prisons, for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i) provided, however, they satisfy the exhaustion requirements first. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020).

Thus, the first step for a defendant in a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is to exhaust any available administrative remedies. *United States v. Babbitt*, No. CR 18-384, 2020 WL 6153608, at *3 (E.D. Pa. Oct. 21, 2020). To exhaust administrative remedies, a defendant must first present his request for compassionate release to the warden. *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020). Thirty days after submitting the request, the defendant may move for compassionate release in the district court, whether the warden denied the request or did not act on it. *Id.* At the second step, a defendant has the burden of demonstrating to the Court that "(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

### III.   DISCUSSION

The first step—exhaustion of administrative remedies—has been satisfied here. Defendant unsuccessfully sought compassionate release from the warden of FMC Rochester, which was denied on June 18, 2020. Therefore, we must consider whether Defendant has carried his burden at the second step of the analysis. That is, he must demonstrate that: (1) extraordinary and compelling circumstances warrant a reduction in sentence; (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission; and (3) the

reduction is appropriate in light of the relevant factors set forth in Section 3553(a). *United States v. Tolbert*, No. CR 10-633-2, 2021 WL 1193369, at *1 (E.D. Pa. Mar. 30, 2021). Defendant's motion founders under the first element—extraordinary and compelling reasons.

### A. Extraordinary and Compelling Reasons

"Extraordinary and compelling reasons" are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Commission provided such a definition in U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). There, the Commission explained that extraordinary and compelling reasons exist where there is:

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which "substantially diminish" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) two family related circumstances: (i) death/incapacitation of the only caregiver for the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In subsection (D) of the Application Note to U.S.S.G. § 1B1.13, is a catchall provision that gives the Director of the BOP the authority to determine if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the other three categories. *Id.* cmt. n.1(D).

The definition of "extraordinary and compelling reasons" has not been updated since the First Step Act's enactment. Without an updated definition, there is a consensus view among sentencing courts that the definition at Section 1B1.13 "does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A) [sic]." *United States v. Somerville*, 463 F. Supp. 3d 585, 594 (W.D. Pa.

2020) (quoting *United States v. Rodriguez*, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020)); *United States v. Davidson*, No. 2:16-CR-00139-2, 2020 WL 4877255 at *18 (W.D. Pa. Aug. 20, 2020); *United States v. Jones*, No. 94-CR-20079-EJD-1, 2020 WL 5359636, at *5 (N.D. Cal. Aug. 27, 2020). However, the definition at Section 1B1.13 continues to "provide[ ] helpful guidance." *Rodriguez*, 451 F. Supp. 3d at 397 (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019)).

Defendant's request for compassionate release due to extraordinary and compelling reasons is predicated on the COVID-19 pandemic and his risk of infection at FMC Rochester. COVID-19 is present at FMC Rochester,[1] though it does not appear to be rampant. *Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated April 6, 2021). While the Court appreciates the heightened risk of infection incarcerated persons face in the pandemic, the mere existence of the pandemic is not an extraordinary and compelling reason justifying a sentence reduction. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Roeder*, 807 F. App'x 157, 160–61 (3d Cir. 2020) (explaining "the existence of a widespread health risk is not, without more, a sufficient reason for every individual subject to a properly imposed federal sentence of imprisonment to avoid or substantially delay reporting for that sentence."); *id.* at n.16 (noting "the existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner within our Circuit."). Indeed, if such reasoning were sufficient, it would open the proverbial flood gates and entitle every prisoner to a sentence reduction. Most defendants who successfully move the courts for release related to COVID-19

---

[1] Currently, no inmates and only 1 staff member have tested positive for COVID-19. However, 370 inmates and 57 staff members recovered from COVID-19. The recovery rate suggests that COVID-19 may have been more prevalent at the time the Defendant filed his motion for compassionate release.

5

through Section 3582(c)(1)(A) demonstrate (1) that they are particularly vulnerable to developing severe illness from COVID-19 because of age or a medical condition(s); and (2) "an actual, non-speculative risk of exposure to COVID-19 in the facility where the prisoner is held." *Somerville*, 463 F. Supp. 3d at 597.

Here, Defendant has not made such a showing. First, Defendant is not uniquely vulnerable to severe illness if he contracts COVID-19. He has not offered any medical evidence to show such a vulnerability and merely asserts that "I am asking for this relief because COVID-19 will effect [sic] me just as much" as everyone else. Second, the current risk of exposure to COVID-19 in FMC Rochester, if any, is unclear. Most of the cases where compassionate release has been granted involve some showing that COVID-19 is actually present, *usually to a significant degree*, in the facility where the prisoner is incarcerated. *See, e.g., United States v. Gorai*, No. 18-220, 2020 WL 1975372, at *2 (D. Nev. Apr. 24, 2020) (noting "[t]o make matters worse, defendant notes that '[o]n April 16, 2020, the count at Lompoc USP, now leading the BOP in inflicted inmates and staff, had 69 inmates and 22 staff testing positive.' . . . Even those numbers may be under representative because only inmates with symptoms are tested."); *United States v. Cassidy*, No. 17-116, 2020 WL 2465078, at *7 (W.D.N.Y. May 13, 2020) (noting "[h]ere, however, Cassidy demonstrates more than just a general possibility that he could contract COVID-19. . . . He demonstrates incarceration in a proven 'hotbed' facility that has numerous positive cases, including inmates with whom Cassidy has shared quarters."). Because there is no indication that Defendant suffers from a heightened risk of severe illness from COVID-19 and the risk of exposure at FMC Rochester is minimal, Defendant has not shown that there are extraordinary and compelling reasons to reduce his sentence. *United States v. Stitt*, No. CR 03-259, 2021 WL 826744, at *6 (W.D. Pa. Mar. 4, 2021) (finding there was not

6

extraordinary and compelling reasons to grant the defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c) because there was minimal risk of exposure to COVID-19 at the prison and his mild asthma did not put him at an increased risk of severe illness from COVID-19). Therefore, Defendant's motion is denied.

## IV. CONCLUSION

For the reasons expressed above, Defendant's Motion for Reduction of Sentence under the First Step Act (Doc. No. 335) is **DENIED**.

Dated: 4/7/2021

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge